## IRVING L. MARGOLIS
### vs.
## THE NATHAN MARGOLIS SHOP, INC.

Superior Court          Hartford County          File #52117

Present:   Hon. ERNEST A. INGLIS, Judge.

Hugh M. Alcorn, Jr.,                    Attorney for the Plaintiff.

Sudarsky & Sudarsky;
Julius B. Schatz;
John M. Bailey;
Berman & Hurwitz,                    Attorneys for the Defendant.

## MEMORANDUM FILED OCTOBER 20, 1936.

INGLIS, J.   The question is as to whether a bookkeeper employed by the defendant corporation at $15 per week is.

entitled to a preference under **Section 5939 of the General Statutes, Revision of 1930.** That statute gives such a preference to the claims for wages of "laborers and mechanics".

The Supreme Court of this State has never passed on the question as to whether a bookkeeper is entitled to preference under the statute. On the question as to whether a bookkeeper is a laborer under similar statutes in other jurisdictions there is apparently about an equal division of authority.

**Words and Phrases, 1st and 2nd Series, under title "Laborer".**

It is fundamental that a statute such as this giving a preference to one class of creditors of an insolvent over others is to be strictly construed.

The term laborer in common usage connotes one who does manual or physical labor and not one whose work is principally mental. In that sense a bookkeeper certainly is not a laborer.

If the term laborer as used in our statute were intended to include a bookkeeper it would have to be interpreted as including all employees, and if the legislature had intended that, it would have used the word employees rather than "laborers and mechanics".

The receiver is advised that the claim of a bookkeeper is to be classified as a general claim and is not entitled to a preference under **Sec. 5939.**